IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02381-WYD-MJW

CS CAPITAL CORP., d/b/a THE INVOICE BANKERS, CORP.,

    Plaintiff,

v.

TEXT-SAVINGS, LLC and
STEVEN TAMAYO

    Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(DOCKET NO. 22)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before on the court on May 9, 2013 for hearing on the Plaintiff's Motion for Default Judgment (docket no. 22). Plaintiff was represented by Attorney Andrew M. Toft. The defendants Text-Savings, LLC and Steven Tamayo both failed to appear for this hearing. The court has reviewed the subject motion (docket no. 22) and the exhibits attached thereto. The defendants have not filed any response to the subject motion. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit pursuant to 28 U.S.C. § 1332(a)(1);

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That a hearing was held on Plaintiff's Motion for Default Judgment (docket no. 22) before Magistrate Judge Watanabe on May 9, 2013, consistent with Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983); and Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985);

5. That defendants Text-Savings, LLC and Steven Tamayo failed to appear for this hearing even though they were given notice of this hearing.  See minute orders (docket nos. 24 and 27);

6. That defendants Text-Savings, LLC and Steven Tamayo were served with a copy of the summons and complaint.  Defendant Text-Savings, LLC was served on November 19, 2012 and co-defendant Steven Tamayo was served on November 29, 2012. See docket nos. 17 and 18.  Both defendants have failed to answer or otherwise respond to the complaint (docket no. 1), and therefore both defendants have admitted the factual allegations in the complaint.  See, e.g. Burlington Northern R.R. Co. v. Huddleston,

94 F.3d 1413, 1415 (10th Cir. 1996);

7. That the Clerk of Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against defendants Text-Savings, LLC and Steven Tamayo , on January 8, 2013.  See docket no. 20;

8. That defendants Text-Savings, LLC and Steven Tamayo are not infants or incompetent, officers or agents of the State of Colorado, or in the military service;

9. That in the subject motion (docket no. 22), plaintiff is seeking damages in the amount of $305,315.47 against defendants Text-Savings, LLC and Steven Tamayo, jointly and severally, plus interest [30% per annum per paragraph 11.7 of the Receivables Purchase Agreement (docket no. 22-1)] in the amount of $215,561.09 from January 1, 2011 through May 9, 2013, plus attorney fees in the amount of $7,725.00 and costs in the amount of $445.00 [per paragraph 11.10 of the Receivables Purchase Agreement] for a total money judgment of $529,046.56, plus post-judgment interest consistent with 28 U.S.C. § 1961 until the judgment is fully satisfied;

10. That plaintiff's itemized affidavit for attorney fees and costs seeks attorney fees in the amount of $7,725.00 and costs in the amount of $445.00;

11. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is

4

that the amount of the fees awarded be reasonable. <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364 (10th Cir. 1984) <u>overruled on other grounds</u>, <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989). Taking these factors into consideration and after throughly reviewing plaintiff's itemized affidavit for attorney fees and costs (docket no. 22-2), this court finds that the hourly rate charged of $250.00 by plaintiff's attorney is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado with plaintiff's counsel's level of experience. I further find that the hours spent to prosecute this case were fair, reasonable and necessary to prosecute this case. Lastly, I find that the requested costs of $445.00 are recoverable costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Plaintiff's Motion for Default Judgment (docket no. 22) be **GRANTED**;

2. That default judgment enter in favor of the plaintiff CS Capital Corp., d/b/a The Invoice Bankers Corp., and against the defendants Text-Savings, LLC and Steven Tamayo, jointly and severally, in the principal amount of $305,315.47 plus interest [30% per annum per paragraph 11.7 of the Receivables Purchase Agreement (docket no. 22-1)] in the amount of $215,561.09 from January 1, 2011 through May 9, 2013 plus reasonable and necessary attorney fees in the amount of $7,725.00 and court costs in the amount of $445.00 [per paragraph 11.10 of the Receivables Purchase Agreement] shall be taxed by the Clerk of Court consistent with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. The total money judgment as of May 13, 2013 is $529,046.56 plus post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Judge Daniel until the judgment is fully paid.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 9th day of May 2013.

BY THE COURT

<u>s/Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE