IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02381-WYD-MJW

CS CAPITAL CORP., d/b/a THE INVOICE BANKERS CORP.,

    Plaintiff,

v.

TEXT-SAVINGS, LLC and
STEVEN TAMAYO,

    Defendants.

**ORDER AFFIRMING RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

THIS MATTER is before the Court in connection with Plaintiff's Motion for Default Judgment filed on January 7, 2013. No response was filed by the Defendants. The Clerk of Court issued an entry of default against Defendants on January 8, 2013.

Plaintiff's Motion for Default Judgment was referred to Magistrate Judge Watanabe for a recommendation by Order of Reference of September 17, 2012, and Memorandum of April 1, 2013. Magistrate Judge Watanabe issued a Recommendation on Plaintiff's Motion for Default Judgment on May 9, 2013, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

A hearing was held by Magistrate Judge Watanabe on Plaintiff's motion on May 9, 2013. Defendants did not appear at the hearing despite notice, and have not answered or otherwise responded to the complaint despite service. (*See* Recommendation at 2.) After considering the Receivables Purchase Agreement under

which Plaintiff seeks damages as well as Plaintiff's itemized affidavit for attorney fees and costs and the appropriate factors, Magistrate Judge Watanabe recommends that default judgment enter in favor of Plaintiff and against the Defendants, "jointly and severally, in the principal amount of $305,315.47 plus interest [30% per annum per paragraph 11.7 of the Receivables Purchase Agreement (docket no. 22-1)] in the amount of $215,561.09 from January 1, 2011 through May 9, 2013 plus reasonable and necessary attorney fees in the amount of $7,725.00 and court costs in the amount of $445.00 [per paragraph 11.10 of the Receivables Purchase Agreement] shall be taxed by the Clerk of Court consistent with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1." (Recommendation at 5.) He finds that the total money judgment as of May 13, 2013 is $529,046.56, and that post-judgment interest should accrue pursuant to 28 U.S.C. § 1961 from the date judgment is entered until the judgment is fully paid. (*Id.*)

Magistrate Judge Boland advised the parties that specific written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 5-6.) Despite this advisement, no objections were filed. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to

"satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Boland's finding that a default judgment is appropriate as well as the amount of the judgment as to damages, attorney fees and costs, and interest.  Accordingly, it is

ORDERED that the Recommendation on Plaintiff's Motion for Default Judgment filed May 9, 2013 (ECF No. 30) is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 22) is **GRANTED**.  Judgment shall enter in favor of Plaintiff and against Defendants Text-Savings, LLC and Steven Tamayo, jointly and severally, in the principal amount of $305,315.47 plus interest (30% per annum) in the amount of $215,561.09 from January 1, 2011 through May 9, 2013, plus reasonable and necessary attorney fees in the amount of $7,725.00 and court costs in the amount of $445.00, to be taxed by the Clerk of Court.  The total money judgment as of May 13, 2013, is $529,046.56.  Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered until the judgment is fully paid.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Dated: June 20, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge